19-2480-cv
Stadtwerke Frankfurt am Main Holding GmbH v. RWE Trading Americas Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of May, two thousand twenty.

PRESENT: RAYMOND J. LOHIER, JR.,
JOSEPH F. BIANCO,
MICHAEL H. PARK,
*Circuit Judges*.

------------------------------------------------------------------

STADTWERKE FRANKFURT AM MAIN
HOLDING GMBH,

*Applicant-Appellant*,

v.                                                        No. 19-2480-cv

RWE TRADING AMERICAS INC.,

*Respondent-Appellee*.*

------------------------------------------------------------------

---

* The Clerk of Court is directed to amend the caption as set forth above.

FOR APPLICANT-APPELLANT: AMY C. GROSS (J. Manly Parks, *on the brief*), Duane Morris LLP, New York, NY.

FOR RESPONDENT-APPELLEE: JASON C. HEGT, Latham & Watkins, LLP, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Jesse M. Furman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Applicant-Appellant Stadtwerke Frankfurt am Main Holding GmbH (SWF) appeals from an order entered July 10, 2019 by the United States District Court for the Southern District of New York (Furman, J.) quashing its subpoena directed at Respondent-Appellee RWE Trading Americas Inc. (RWETA). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

In January 2019 SWF filed an ex parte application under 28 U.S.C. § 1782 for a subpoena ordering RWETA to produce documents related to a transaction between RWETA's parent company, RWE Aktiengesellschaft (RWE AG), and a

German energy company. The District Court granted the application, and RWETA filed a motion to quash the subpoena in response. The District Court then granted RWETA's motion to quash, concluding, as relevant here, that RWETA: (1) "conducted a reasonable search for responsive documents . . . [that] came up empty"; and (2) "has neither the legal right nor the practical ability to obtain documents that may be in the possession or control of RWE AG." Special App'x 3–4. SWF disputes both conclusions on appeal and asks us to reverse the District Court's order quashing its subpoena.

We review "[a] district court's ruling on a motion to quash a subpoena . . . for abuse of discretion," Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76, 79 (2d Cir. 2012), mindful that "Congress planned for district courts to exercise broad discretion over the issuance of discovery orders pursuant to § 1782(a)," In re Edelman, 295 F.3d 171, 181 (2d Cir. 2002). For the reasons set forth below, we conclude that the District Court did not abuse its wide discretion in quashing SWF's subpoena.

First, it was not impermissible for the District Court to conclude that RWETA conducted a reasonable search in response to SWF's subpoena. Among

3

other things, RWETA's General Counsel personally interviewed all RWETA employees to determine whether they possessed any responsive material and, after learning that they did not, further confirmed those employees' responses with the company's information-technology staff. RWETA's General Counsel also confirmed that RWETA's employees "performed no work with respect to" the transaction between RWE AG and the Germany energy company. App'x 355. While SWF argues that RWETA could have done more to respond to SWF's subpoena, both parties agree that only a "reasonable search" was necessary. Applicant's Br. 18. We see no reason to conclude that the District Court abused its "broad discretion to manage the manner in which discovery proceeds" when it determined that RWETA conducted a reasonable search here. In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 69 (2d Cir. 2003).

Second, the District Court also did not abuse its discretion when it concluded that RWETA could not obtain responsive documents from RWE AG. "[A] party is not obliged to produce . . . documents that it does not possess or cannot obtain." Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 138 (2d Cir. 2007). Here, RWETA's General Counsel affirmed that: (1) "RWETA does

4

not have access to the hard copy files, archives, shared drives, or other central files on which RWE AG might maintain documents related to the" subpoena topics, App'x 355, and (2) it was her understanding, "[b]ased on . . . discussions with RWE AG[,] . . . that if RWETA were to request documents from RWE AG, RWE AG would refuse to provide said documents," id. at 381. We agree with the District Court that SWF's speculative assertion that RWETA could nonetheless obtain documents from RWE AG "offers no basis to question" RWETA's General Counsel's sworn declaration to the contrary. Special App'x 4.

We have considered SWF's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court